No. 7011.

## ADAM DECKLAR vs. D. FRANKENBERGER.

The parish courts have exclusive jurisdiction in ordinary suits in all cases where the amount in dispute exceeds one hundred dollars, exclusive of interest, and does not exceed five hundred dollars, exclusive of interest.

Thus, where the *principal* of the amount in dispute is exactly $500, the parish courts have jurisdiction, even though there be enough accrued interest demanded to make the whole amount in dispute much more than $500.

The constitution, like legislative acts, must, if possible, be construed in such a way as to render all of its provisions operative, rather than in a way that will make some of them nug..tory.

APPEAL from the Parish Court of West Feliciana. *Lawrason,* J.

*Wickliffe & Fisher* for plaintiff and appellant.

*W. W. Leake* for defendant.

The opinion of the court was delivered by

MANNING, C. J. This suit is upon a promissory note for five hun-

dred dollars, bearing interest from date, and payable four years thereafter. It is instituted in the parish court.

The defendant excepts to the jurisdiction on the ground that the amount in dispute exceeds five hundred dollars.

This question has disturbed the profession ever since the courts began to interpret the constitution of 1868. The decisions that have been rendered by our immediate predecessors are, that a District court has not jurisdiction of a suit for an amount, less than five hundred dollars principal, although the accrued interest, when added to the principal, exceeded that sum. Badeaux v. Blake, 24 Annual 184. And on the other hand, that a parish court has not jurisdiction of a suit on a claim for less than five hundred dollars principal, when the accrued interest, being added to the principal, will make a sum exceeding five hundred dollars. Parker v. Shropshire, 26 Annual 37.

It results inevitably from these rulings that there is a class of cases that no court can take cognizance of under the present constitution. This case is one of them, and if we should follow implicitly the rules thus enunciated, we must turn the plaintiff away from the portals of justice, and tell him they have been barred against him by the fiat of an autocrat, whose words admit of no explanation. We conceive our duty to be to find a forum wherein every claimant for a right shall have audience, and to 'question and cross-question the clauses of the constitution'· (as Cooley says) so as to discover in them a meaning consistent with the purposes for which they were framed.

District courts have original jurisdiction in all civil cases when the amount in dispute exceeds five hundred dollars, exclusive of interest. Const. art. 85. The note in suit is for five hundred dollars neat, exclusive of interest. Therefore it does not exceed that sum, without the interest and the District Court is without jurisdiction.

Parish courts have exclusive original jurisdiction in civil cases when the amount in dispute exceeds one hundred dollars, and does not exceed five hundred dollars. art. 87. The amount in dispute here is that sum and several years interest upon it, and therefore exceeds it. The letter of this clause of the constitution read by itself denies the jurisdiction to the parish court.

All courts shall be open, says the constitution, and every person for injury done him in his land, goods, person, or reputation shall have adequate remedy by due process of law. art. 10. The judicial power shall be vested in a Supreme Court, in district courts, in parish courts, and in justices of the peace. art. 73. There is no judicial power lodged anywhere save in those courts, except in the single instance provided for in art. 94. The power to hear a suit upon such an obligation as this now before us must be in one of those courts. If it is not in the District

court, and it certainly is not, it must be in the parish court, since these are the only two that could lay claim to it.

The jurisdiction of justices of the peace in civil causes does not exceed one hundred dollars exclusive of interest. art. 89. Parish courts have concurrent jurisdiction with justices of the peace in cases where the amount in controversy is between twenty-five and one hundred dollars, exclusive of interest. The jurisdiction of the justice of the peace ceases when the exclusive jurisdiction of the parish court commences, and the jurisdiction of the parish court must cease when the exclusive jurisdiction of the district court commences, but it can not cease before.

The difficulty lies in the absence of the words, 'exclusive of interest,' from the first clause of the second sentence of art. 87. They are used in the first sentence, in defining the concurrent jurisdiction of the parish court and of justices of the peace, and also in the last clause of the second sentence, when regulating the appealable sum from the parish to the district court. But it is imperatively necessary to supply them so as to make the first clause of the sentence read as follows, or else there is a hiatus in the provision for jurisdiction of suits, and a denial of that 'adequate remedy' which the bill of rights assures to 'every person for injury done him in land, goods, person, or reputation'—"They (the parish courts) shall have exclusive original jurisdiction in ordinary suits in all cases when the amount in dispute exceeds one hundred dollars exclusive of interest, and does not exceed five hundred dollars, exclusive of interest."

A cardinal rule of interpretation of laws is, that effect must be given, if possible, to every part thereof. Conflicting portions must be harmonized, whenever practicable, and always that construction will be adopted which renders every one of them operative rather than that which will make some of them nugatory. This rule applies to the organic law with equal force as to the statute law. It is impossible to give effect to the rights conferred in the broadest terms by art. 10, by any other construction of art. 87 than that we have adopted.

The General Assembly passed an act defining and extending the jurisdiction of the parish courts. Acts 1876 p. 52. We consider this act merely as a legislative interpretation of the real meaning of art. 87, and we felicitate ourselves and the profession on being able, independent of any suggestion from that source, to conform our judicial interpretation to that of the legislature. Therefore

It is ordered and decreed that the judgment of the lower court is reversed, and the cause is remanded to be proceeded in according to law, the appellee paying costs of appeal.

Decklar vs. Frankenberger.

### DISSENTING OPINION.

DeBlanc, J. This suit was brought on a note which—in principal and interest—exceeded, at the date of the institution of said suit, the sum of five hundred dollars. It was brought in, and dismissed by the parish court of West Feliciana, for want of jurisdiction *ratione materiæ*, and, from the decision of that tribunal, plaintiff has obtained and carried an appeal to the Supreme Court of the State.

His counsel contend that the parish court is the only tribunal which has jurisdiction of this case—that it derives its jurisdiction from act No. 28 of the Legislature of 1876, and that said act derives its validity from a clause of the 87th article of the constitution of 1868.

The constitutional clause thus referred to, provides: " that the parish courts shall have the power of committing magistrates, *and such other jurisdiction as may be conferred on them* by law"—and the act relied upon, that " they shall have exclusive original jurisdiction, in ordinary suits, in all cases when the amount in dispute exceeds one hundred dollars, *exclusive of interest*, and does not exceed five hundred dollars, *exclusive of interest.*

Under the constitution, and as to ordinary suits, what jurisdiction is specially conferred on the parish courts? They are—as regards such suits—invested with exclusive original jurisdiction, when the amount in dispute exceeds one hundred dollars and *does not exceed* five hundred dollars; subject to *an appeal to the District Court*, in all cases when the amount in contestation exceeds one hundred dollars, exclusive of interest.

The difference between the act of 1876 and the eighty-seventh article of the constitution, consists of the addition in the act of the words " exclusive of interest," after the words " one hundred " and " five hundred dollars." That difference alters the plain letter, the as plain meaning of that article, and the six words thereto added constitute a manifest violation of the article itself. In other than ordinary suits, and probate matters, the Legislature may—within the specified limits fixed by the constitution, confer on them a jurisdiction not actually prescribed by that instrument; but the Legislature could not—as it attempted to do by the act of 1876—change, in its already fixed and determinate parts—the jurisdiction of that court.

In an ordinary suit, one of those alluded to in the eighty-seventh article of the constitution, the appeal can not ascend from the parish court to this court. The constitutional channel through which those appeals are carried to the appellate jurisdiction, leads directly to and ends in the district court. The terms embraced in that article repel any adverse or different conclusion.

If—says plaintiff—the door of the parish court be closed against me, where am I to go? In the district court; and why? Because at the date of the institution of this suit, the *matter in dispute* exceeded the sum of five hundred dollars. It is true that the constitution provides that the district courts shall have original jurisdiction in all cases where the amount in dispute exceds five hundred dollars, exclusive of interest; but to give effect to every clause of that instrument, to harmonize those of its sections which seem to conflict, to reconcile the most important of its provisions, a not unreasonable suggestion is to construe it by the light of the many decisions of this court, rendered under previous and dissimilar constitutions, but which—in 1868—had permanently settled the question raised, in this case, as to the correct interpretation of the words "exclusive of interest."

How was it settled? This court held that, howsoever composed, whether of a principal without interest, or of principal and interest, the amount due *at the institution* of the suit constituted the matter in dispute, and that—in computing that amount, the only interest which is not to be considered, is that interest which accrues after the institution of the suit and from judicial demand.

1 N. S. 138; 12 L. 156; 1 R. 25; 5 R. 90; 9 R. 153; 2 A. 793—911.

Applied, as it may be, to the eighty-fifth article of the constitution, and to the terms "exclusive of interest," inserted in that article, that interpretation would reconcile it with every other clause relating to the jurisdiction of our courts, and remove the sole obstacle encumbering the principal avenue to that jurisdiction. These words do—not only not exclude, but justify the construction that they refer to the interest which runs after the institution of the suit, and not to the interest which has been united to and forms part of the debt. They import that meaning and bear that construction, whilst the addition of the very same words to the eighty-seventh article of the constitution, changes its letter and changes its meaning.

The constitution provides, as to appeals from the parish court, that they shall be carried to the district court; and—under the act explaining, or rather amending the constitution, they must be carried there, even when—with the interest accrued on a principal of less than five hundred dollars—that principal far exceeds the sum of five hundred dollars. With that legislative interpretation, what becomes of that part of the seventy-fourth article of the constitution which declares that the jurisdiction thus conferred on the district court belongs to, and can be exercised by exclusively the Supreme Court of the State? The Legislature should also have amended that article—for, it ordains in terms which convey but one, a clear signification, that the jurisdiction of this court shall extend to all cases *where the matter in dispute* shall exceed five

hundred dollars. Unless we presume that the matter in dispute·can be but a principal and never a principal and interest, the conclusion is unavoidable, the clause of the constitution which fixes the jurisdiction of this court is in conflict with the amendment promulgated by the Legislature, in 1876, or that amendment in conflict with the constitution.

At the date this suit was filed, the amount in dispute exceeded the sum of five hundred dollars, and there can be no doubt that it was a contestation which could reach our jurisdiction. If so, from what court? Is it from the parish court? That can not be; for, the constitution itself and the legislative amendment expressly provide that appeals from the parish court shall be carried to the district court. Is —as to such appeals—our jurisdiction concurrent with that of the district court? It is not, and none but those of such suits which originate in the district court, can be re-examined in this court, and no decision rendered in such suits—unless it be the decision of a district court, can be passed upon and reviewed by us.

For these reasons, I respectfully dissent from the opinion and· decree of the majority of the court.