MICHAEL E. KIRBY, Judge.
 

 [ plaintiff, Michael Kerrigan, appeals the judgment of First City Court for the City of New Orleans dismissing his claims against defendant, Timothy Bourgeois, and denying his motion for new trial. The trial court judgment also ordered defendant, Resurrection New Orleans, LLC, to pay plaintiff the sum of $11,281.50 together with interest from date of judicial demand and court costs, and ordered plaintiff to return all unused flooring to Resurrection New Orleans, LLC upon receipt of payment of the judgment in this case.
 

 On July 1, 2007, plaintiff filed a petition naming Timothy Bourgeois and Resurrec
 
 *613
 
 tion New Orleans, LLC, a limited liability corporation, as defendants. Plaintiff stated that on September 6, 2006, he ordered wood flooring from the defendants for use in the renovation of his house on Colbert Street in New Orleans, which was severely flooded by Hurricane Katrina in 2005. Plaintiff alleged that the wood delivered by defendants did not meet the standards agreed upon by the parties. He claimed that defendants delivered less than the amount of wood flooring requested by plaintiff, and some of the wood that was delivered was unusable. Plaintiff further alleged that he paid defendants the full price agreed upon, which was $16,800.00. However, because plaintiff alleged that he received | .Jess than the amount of the wood flooring requested and had to incur additional expense to have some of the wood made usable, he claimed he is owed a refund of $11,281.50 from Timothy Bourgeois and/or Resurrection New Orleans, LLC. Plaintiff further alleged that defendants breached the Louisiana Unfair Trade Business Practice Act by failing to deliver the amount of product agreed upon, by delivering product that did not comply with what was requested and by failing to rectify the situation after numerous requests and demands by plaintiff.
 

 In their answer, defendants stated that plaintiff purchased the flooring from Resurrection New Orleans, LLC, and not from Timothy Bourgeois individually. Defendants contend that the plaintiff has stated no cause of action against Timothy Bourgeois that would make him personally liable to the plaintiff.
 

 Following trial, the trial court rendered judgment on July 15, 2008, ordering Resurrection New Orleans, LLC, to pay plaintiff the sum of $11,281.50 together with interest from date of judicial demand and all court costs. The court also ordered plaintiff to return all unused flooring to Resurrection New Orleans, LLC, upon receipt of payment of the judgment in this case by Resurrection New Orleans, LLC. The trial court further ordered that all claims against Timothy Bourgeois were dismissed with prejudice. Plaintiff filed a motion for new trial, which was denied by the trial court. Plaintiff now appeals these judgments.
 

 On appeal, plaintiff argues that the trial court erred in dismissing all claims against Timothy Bourgeois. Plaintiff notes that Mr. Bourgeois directed plaintiff to write checks in his name, accepted the checks in his name and deposited those checks into his personal account. Plaintiff argues that there were no documents, such as invoices or contracts, showing that plaintiff was contracting with | oResurrection New Orleans, LLC, and not Timothy Bourgeois, individually. He further argues that all of his dealings were with Timothy Bourgeois, individually.
 

 At trial, plaintiff explained that his house was flooded by Hurricane Katrina, and that during the renovation process, he met with Mr. Bourgeois to discuss the purchase of wood flooring to be used in the rebuilding of his house. He testified that when he paid for the wood flooring, he made his checks payable to Mr. Bourgeois, individually, and that the cancelled checks show that they were endorsed and deposited by Mr. Bourgeois. On cross-examination, he stated that he did not have a written contract with Mr. Bourgeois and/or Resurrection New Orleans, LLC. He said that he bought the wood flooring from Resurrection New Orleans, LLC, and that Mr. Bourgeois mentioned that he and his wife were the owners of that company. Later in his testimony, he said that he bought the flooring from Mr. Bourgeois and that Mr. Bourgeois asked him to make his checks payable to him.
 

 
 *614
 
 Mr. Bourgeois testified that he and his wife are the owners of Resurrection New Orleans, LLC, which is a limited liability company. He stated that Resurrection New Orleans, LLC, is a salvage business that buys and sells materials that are more than one hundred years old including bricks, beams, flooring, roofing materials and flagstone. He said that plaintiff initially called him expressing an interest in buying wood flooring for his home. Plaintiff, plaintiffs brother and a contractor met Mr. Bourgeois at the Resurrection New Orleans warehouse to look at samples and to talk about buying flooring. The wood flooring was delivered to plaintiffs house, but plaintiff found some of the wood unacceptable. Mr. Bourgeois testified that he was always doing business as Resurrection New |4Orleans, LLC, and that the company sold plaintiff the wood flooring. He stated that he never sold flooring in his own name.
 

 When Mr. Bourgeois was asked why he asked plaintiff to make checks out to him personally, he explained that these transactions occurred in the post-Katrina period when banks were having problems with some out-of-state contractors. He said his bank was putting ten-day holds on checks involving large amounts of money that were made out to businesses. Mr. Bourgeois said his bank advised him to get his customers to make checks out to him, and then cash the checks and make cash deposits into the business account, which he did. He said that at no time did he ever do business under the name Timothy Bourgeois.
 

 A member of a limited liability company is generally not liable for the debts, obligations or liability of the company. La. R.S. 12:1320 B. An exception to this rule is set forth in La. R.S. 12:1320 D, which states: “Nothing in this Chapter shall be construed as being in derogation of any rights which any person may by law have against a member, manager, employee, or agent of a limited liability company because of any fraud practiced upon him, because of any breach of professional duty or other negligent or wrongful act by such person, or in derogation of any right which the limited liability company may have against any such person because of any fraud practiced upon it by him.”
 

 In his appeal brief, plaintiff states that Resurrection New Orleans, LLC, is no longer in business and is not in good standing with the Louisiana Secretary of State’s office. To support his claim that this business is not in good standing, plaintiff attached a document to his brief that was not introduced at trial. This document is not part of the record, and will not be considered by this Court. As a court of record, we must limit our review to that which is in the record before us.
 
 Ventura v. Rubio,
 
 2000-0682, pp. 3-4 (La.App. 4 Cir. 3/16/01), 785 So.2d 880, 885.
 

 Plaintiff testified at trial that a letter sent to Mr. Bourgeois at an address where he met with him was returned as undeliverable. Other than that testimony, plaintiff offered no evidence at trial to support his allegation that Resurrection New Orleans, LLC, is a defunct company. A returned letter is not sufficient to establish that this company is no longer in business.
 

 Mr. Bourgeois offered a reasonable explanation as to why he asked plaintiff to make his checks out to him personally instead of to Resurrection New Orleans, LLC. He further testified that these checks were cashed, and cash deposits were then made to his business account for Resurrection New Orleans, LLC. He testified as to the difficulties of negotiating checks made out to businesses in 2006 in the early days of the post-Katrina recovery in New Orleans. The trial court obviously found Mr. Bourgeois to be a credible
 
 *615
 
 witness, and we find no error in that determination.
 

 Plaintiff failed to prove any fraud, negligence or wrongful conduct on the part of Mr. Bourgeois. Therefore, in accordance with the provisions of La. R.S. 12:1320, Mr. Bourgeois cannot be assessed with personal liability for the debts of the limited liability company, Resurrection New Orleans, LLC. Accordingly, we find no error with the trial court’s dismissal of plaintiffs claims against Timothy Bourgeois, individually.
 

 For the reasons stated above, we affirm the trial court judgment.
 

 AFFIRMED.