MAX N. TOBIAS, JR., Judge.
 

 _jjln this appeal, Lenvi Tennessee, a recruit with the New Orleans Police Department (“NOPD”), seeks reversal of the Civil Service Commission’s (“Commission”) dismissal of his appeal of his termination for lack of jurisdiction. Specifically, Mr. Tennessee argues the right to appeal his termination because he was discriminated against based on his disability. For the following reasons, we affirm.
 

 On 23 July 2006, the NOPD hired Mr. Tennessee as a police recruit. Upon his graduating from the police academy, the NOPD assigned him to a district to complete his field training. The field training program typically lasts sixteen weeks and is broken down into four phases, with each phase lasting about four weeks. Generally, a recruit may repeat one four-week phase, but no more. Mr. Tennessee stayed in the field training program for approximately one year and five months. Mr. Tennessee exhibited trouble writing reports. Mr. Tennessee received assistance and showed some improvement, but still continued to have trouble writing reports. As a result of his inability to produce a satisfactory written report, the NOPD terminated Mr. Tennessee on 12 September 2008.
 

 UMr. Tennessee disagreed with his termination and filed an appeal with the Commission. He argued that he possessed a disability, to-wit, dyslexia, which the NOPD failed to accommodate.
 

 The NOPD filed a motion for summary disposition, arguing the Commission lacked jurisdiction to consider Mr. Tennessee’s appeal because the Louisiana Constitution limits the types of discrimination claims the Commission can hear and because Mr. Tennessee was not an employee with protected status entitled to appeal to the Commission.
 

 The Commission granted the summary disposition in part, finding it lacked jurisdiction over Mr. Tennessee’s claim of discrimination. The Commission appointed a hearing officer to take testimony on the issue of whether Mr. Tennessee was an employee with protected status.
 

 At the hearing, the NOPD called Stephanie Landry and Lieutenant Richard Williams to testify.
 

 Ms. Landry testified that she is the human resources director for the NOPD. She testified that Mr. Tennessee was carried in a training status and explained that an employee in a training position does not achieve permanent status in the civil service. Ms. Landry noted that after the training period, a recruit is promoted to police officer one status, which has a probationary period of one year. After that year, the police officer obtains permanent status. Ms. Landry stated that the NOPD will grant additional time to recruits in the field training program who are struggling, because time and money have been invested on the recruit’s education.
 

 Lieutenant Williams testified that a recruit typically stays in the field training program for sixteen weeks. During this time, recruits are being evaluated on their ability to investigate an incident and create a report on an incident and to |sproperly interact with citizens; a recruit’s overall performance is assessed. Lieutenant Williams testified that it was brought to his attention that Mr. Tennessee was having trouble writing reports, though he did well in other areas. Mr. Tennessee appeared for a meeting and informed Lieutenant Williams that he enrolled in a remedial program at Delgado College to improve his written reports.
 
 *356
 
 Lieutenant Williams testified that he initially received reports that Mr. Tennessee’s writing skills showed improvement. However, he then received reports that Mr. Tennessee struggled to produce written reports. He testified that a recruit must pass all phases of the training program to be promoted.
 

 Mr. Tennessee presented no testimony or evidence.
 

 The x*eport of the hearing officer recommended that the appeal of Mr. Tennessee be dismissed as Mr. Tennessee never attained permanent status and had no right to appeal. The Commission issued a decision finding that Mr. Tennessee never attained permanent status. The Commission dismissed the appeal, finding Mr. Tennessee lacked a right to appeal.
 

 An appellate court reviews findings of fact using the manifest error/clearly erroneous standard in civil service cases.
 
 Banks v. New Orleans Police Dept.,
 
 01-0859, 01-1302, p. 8 (La.App. 4 Cir. 9/25/02), 829 So.2d 511, 513-14. The
 
 Banks
 
 court discussed the standard of review in civil services cases involving jurisdictional issues. Specifically, the court stated:
 

 [W]here the Civil Service Commission’s decisions involve jurisdiction, procedure, and interpretation of laws and regulations, judicial review is not limited to the arbitrary, capricious, or abuse of discretion standard.
 
 Walton v. French Market Corp.,
 
 94-2457 (La.App. 4 Cir. 4/26/95), 654 So.2d 885. On legal issues, the appellate court gives no special weight to the findings of the trial court, but exercises its constitutional duty to review questions of law and renders judgment on the record.
 
 J^Clibum v. Police Jury Ass’n of Louisiana, Inc.,
 
 99 2191 (La.App. 1 Cir. 11/3/00), 770 So.2d 899;
 
 Christoffer v. New Orleans Fire Dept.,
 
 99-2658 (La.App. 4 Cir. 3/29/00), 757 So.2d 863,
 
 writ denied,
 
 2000-1413 (La.6/30/00), 766 So.2d 543.
 

 Banks,
 
 p. 3, 829 So.2d at 514.
 

 The
 
 Banks
 
 court additionally noted that a probationary employee has no right to appeal under the civil service rules, except when an allegation of discrimination is presented.
 
 Id.,
 
 p. 3, 829 So.2d at 514. When an allegation of discrimination is presented, the burden of proof is upon the employee to prove the discrimination.
 
 Id.,
 
 p. 3, 829 So.2d at 513-14.
 

 In the case at bar, the Commission determined that it lacked jurisdiction over Mr. Tennessee’s claim of alleged discrimination and dismissed Mr. Tennessee’s appeal. Mr. Tennessee’s first assignment of error argues that the Commission erred in determining it lacked jurisdiction over his claim of alleged discrimination.
 

 In support of his first assignment of error, Mr. Tennessee cites
 
 Reimer v. Medical Center of Louisiana at New Orleans,
 
 95-2799, p. 5 (La.App. 4 Cir. 1/29/97), 688 So.2d 165, 168, wherein the court stated:
 

 One of the principal objectives of the merit system of civil service is “protect public employees against discrimination, intimidation or dismissal because of political or religious beliefs, sex, race or other unjustified reasons.” ...
 
 [New Orleans Firefighters Ass’n Local 632 v. City of New Orleans, 590
 
 So.2d 1172,] at 1174-75 [ (La.1991) ] (emphasis added). Because unreasonable discrimination based upon physical condition is expressly prohibited in Sections 3 and 12 of Article I of our constitution, the CSC [Commission] rule that protects classified employees who allege discrimination on that basis promotes the goal that such employees not be removed for unjustified reasons.
 

 |sMr. Tennessee argues that his disability, dyslexia, is a physical condition and that
 
 *357
 
 he was unjustifiably discriminated against when the NOPD terminated him based on his physical condition.
 

 Mr. Tennessee additionally cited
 
 Walton v. French Market Corp.,
 
 654 So.2d 885 (La.App. 4 Cir.1995). Therein, the court noted that unless there is an allegation of discrimination under Civil Service Rule II, § 4.6, no provision for an appeal by a probationary employee exists.
 
 Id.,
 
 654 So.2d at 887.
 

 Ms. Landry testified that Mr. Tennessee was given a training status while he was in the field training program. She testified that a recruit does not achieve permanent status until after being promoted to police officer one and then completing a one year probationary period. Lieutenant Williams testified that Mr. Tennessee did not complete all of the phases of his field training. We find Mr. Tennessee was never promoted to permanent status. As a probationary employee, Mr. Tennessee’s only right to appeal to the Commission is for discrimination.
 

 The NOPD argues the Louisiana Constitution provides limited jurisdiction to the Commission to hear cases involving discrimination. Specifically, Article X, Section 8(B) provides:
 

 Discrimination. No classified employee shall be discriminated against because of his political or religious beliefs, sex or race. A classified employee so discriminated against shall have the right of appeal to the appropriate commission pursuant to Section 12 of this Part. The burden of proof on appeal, as to the facts, shall be on the employee.
 

 Thus, the NOPD concludes that the Commission lacks jurisdiction to hear Mr. Tennessee’s appeal as Mr. Tennessee’s claim of discrimination is not resulting from Mr. Tennessee’s political or religious beliefs, sex, or race.
 

 |fiIn further support of its argument, the NOPD cites
 
 La. Dept of Agri. & Forestry v. Sumrall,
 
 98-1587 (La.3/2/99), 728 So.2d 1254. Therein, the Court held that the jurisdiction of civil service commissions is limited to that provided in the Louisiana Constitution. The Court noted that the jurisdiction granted to the civil service commissions by the Constitution falls into two categories of claims: discrimination claims provided for in La. Const, art. X, § 8(B) and removal or disciplinary claims provided for in La. Const, art. X, §§ 12(A) and 8(A).
 
 Id.,
 
 p. 14, 728 So.2d at 1264. Section 12(A) grants the state civil service commission exclusive power and authority to hear and decide all removal and disciplinary cases. Section 8(A) provides that no employee who has gained permanent status shall be subjected to disciplinary action except for cause expressed in writing. Both provisions apply to the Commission. The Court went on to state that, “[a]ny individual asserting a cause of action based upon a form of discrimination not within the scope of the Commission’s quasi-judicial power expressed in Article X, Sections 8 and 12, may not bring his claim to the Commission but has recourse in the district courts.”
 
 Id.
 

 Mr. Tennessee alleged the NOPD discriminated against him when the NOPD terminated him based upon his disability of dyslexia. The NOPD argues dyslexia is not a disability under the Americans with Disabilities Act. Our conclusion does not require us to reach a determination on whether dyslexia is a disability. Mr. Tennessee, as a probationary employee, may appeal to the Commission only in the event of discrimination based upon one of the enumerated categories in the Constitution. Dyslexia does not fall into one of the four enumerated categories set forth in the Constitution: political beliefs, religious 17beliefs, sex, or race. Hence, while he
 
 *358
 
 may have recourse elsewhere, Mr. Tennessee is not entitled to an appeal before the Commission for discrimination for dyslexia.
 

 Mr. Tennessee’s second assignment of error argues the Commission erred in determining Mr. Tennessee had no right of appeal due to his status as a probationary employee. Mr. Tennessee did not brief his second assignment of error. Uniform Rules-Courts of Appeal Rule 2-12.4 provides that assignments of error not briefed may be considered abandoned. Accordingly, we consider Mr. Tennessee’s second assignment of error abandoned.
 

 We further note that Mr. Tennessee alleges he has dyslexia and that he was discriminated against as a result of his dyslexia. The burden of proof is upon Mr. Tennessee to prove the alleged discrimination. However, Mr. Tennessee presented no testimony or evidence that he has dyslexia. As a court of record, we limit our review to that which is in the record on appeal before us.
 
 Kerrigan v. Bourgeois,
 
 08-1457, p. 4 (La.App. 4 Cir. 7/15/09), 16 So.3d 612, 614. Mr. Tennessee failed to prove that he has dyslexia or any other disability.
 

 We find no error in the decision of the Commission.
 

 Accordingly, the decision of the Commission is affirmed.
 

 AFFIRMED.