654 So.2d 885 (1995)
Kerry WALTON
v.
FRENCH MARKET CORPORATION.
No. 94-CA-2457.
Court of Appeal of Louisiana, Fourth Circuit.
April 26, 1995.
Rowena Jones, New Orleans Legal Assistance Corp., New Orleans, for appellant Kerry Walton.
Kimberly A. Theriot, Asst. City Atty., Avis Marie Russell, City Atty., New Orleans, for appellee, French Market Corp.
Before BYRNES, PLOTKIN and JONES, JJ.
PLOTKIN, Judge.
Kerry Walton, a former employee of the French Market Corporation ("FMC"), filed an appeal of his termination with the Civil Service Commission ("the Commission"). After a series of procedural motions that ultimately resulted in the Commission ruling that his appeal had not been filed timely, Walton petitioned this court for an appeal of the Commission's ruling. Walton contends that the Commission erred in finding that his *886 notice of termination comported with due process standards. According to Walton, the notice did not advise him that he had thirty days from the date of his notice within which to exercise his appeal rights. Additionally, he claims that the prescriptive period was not extended even though he was furnished misleading information regarding his appeal rights, which resulted in the dismissal of his appeal as untimely.
We affirm the Commission's decision that dismissed Walton's appeal. However the appropriate ground for dismissal of his action is that Walton had no right to appeal his termination because he had not attained permanent status in his current position, not because his appeal had not been filed within the thirty day prescriptive period.

FACTS
Walton began working as an Administrative Analyst Assistant with the FMC on April 13, 1993. It was understood that he was to manage the French Market Visitor Center, although the facility was not yet completed when he began working. FMC operates as an independent board of the City of New Orleans and is the appointing authority in this case.
FMC sent Walton a letter dated October 12, 1993, advising him that he was being terminated effective October 13, 1993. The letter recounted Walton's general failure to fulfill his duties; the letter also detailed specific instances of unacceptable conduct by Walton. Walton was not advised that he had a definite right to appeal or that he was required to exercise his appeal rights within thirty days before they expired. Instead, the letter used conditional language to advise Walton that he "may have the right to appeal this action to the Civil Service Commission." (emphasis added)
Walton also received a written notice from the Civil Service Department dated November 10, 1993, advising him that he had ten days to ask the Department to consider whether he had the right to appeal his discharge.[1] If the ten days were counted from the date of the notice, the deadline for appeal provided by this correspondence was Saturday, November 20, 1993. Because the deadline fell on a Saturday, the actual deadline would be the following Monday, November 22, 1993. Walton filed his appeal on November 15, 1993.
Apparently the confusion or reluctance to provide Walton with the notice of his appeal rights stemmed from the failure to determine his employment status at the time of his discharge. In other words, apparently, the Commission has dismissed Walton's appeal based on the issue of whether it was timely filed, but has never ruled on whether Walton had a right to appeal. If Walton is considered a probationary employee, he has no appeal rights and the case ends. Civil Service Rule II, § 4.1; Civil Service Rule VII, § 1.1. However, if Walton is considered a permanent employee, then the notice of his appeal rights is defective and his termination is invalid. La. Const. art. X, § 8(A). The burden rests on the appointing authority to prove that an employee does not have permanent status.
FMC initially filed Exceptions of No Right or Cause of Action and Prescription, which were denied by the Commission after a hearing. FMC then filed a motion for rehearing. The Commission granted a rehearing solely on the issue of prescription and set the matter for additional argument on June 16, 1994. Walton filed a Memorandum in Opposition to the exception of prescription and attached the affidavit of Walton's former legal counsel, Ms. Robin Saizan. The Commission granted the exception of prescription and dismissed the appeal as untimely. Walton's request for rehearing was denied and he subsequently brought the instant appeal.

DISCUSSION
The Louisiana Constitution provides that rulings of the Commission are subject to judicial review on any question of law or fact. *887 La. Const. art. 10, § 12. Where questions of law rather than those of a factual nature are involved, the ambit of the court's review is broad. Where the Commission's decisions involve jurisdiction, procedure, and interpretation of laws and regulations, judicial review is not limited to the arbitrary, capricious, or abuse of discretion standard. Walters v. Department of Police, 454 So.2d 106, 113 (La. 1984); Ramirez v. Department of Social Servs., 603 So.2d 795, 798 (La.App. 1st Cir.), writ denied, 608 So.2d 195 (La.1992).
The dispositive issue in this case is Walton's employment status. Except when there is an allegation of discrimination as provided in Civil Service Rule II, § 4.6, there is no provision for appeal by a probationary employee. Walton has not alleged any form of discrimination by the FMC in his challenge to his termination. Thus, unless Walton is considered a permanent employee, he has no right to appeal his dismissal. Williams v. Chief Admin. Officer, 398 So.2d 1252, 1253 (La.App. 4th Cir.1981). The question whether an employee has the right to appeal is analogous to the question whether a plaintiff has a cause of action. Department of Labor v. Leonards, 498 So.2d 178, 181 (La.App. 1st Cir.1986).
The Commission dismissed Walton's appeal because it was not timely filed. On the issue of whether Walton had a right to appeal, the Commission, at least tacitly, sustained the employee's right based on its denial of the FMC's Exception of No Right or Cause of Action. Neither party apparently appealed this issue and the Commission did not issue any reasons. Because we find that the Commission erred in this ruling and because there is evidence in the record that Walton concurred in the conclusion regarding his probationary status, it is unnecessary to remand the case to the Commission for a specific ruling on Walton's right to appeal.
Recently, the first circuit reached a similar conclusion in a case analogous to the one at bar. In Rollins v. Housing Authority of New Orleans, 93 1810 (La.App. 1st Cir. 10/7/94), 644 So.2d 837, the plaintiff was employed with HANO on a 90-day restricted appointment basis, although she continued working beyond the end date. When HANO sent her a notice of separation on December 10, 1990, she had actually been employed there longer than six months. In the separation letter, HANO advised her that she had no appeal rights because she was serving on probational status. However, an appeal was subsequently received and taken on March 8, 1993. Rollins contended that she had gained permanent status and the failure of HANO to give her notice of her right to appeal suspended the commencement of the delay period for taking her appeal, and, therefore, it was timely. The court held that where the employee's notice of separation was given before she became eligible for certification as a permanent employee, she was not entitled to an appeal from HANO's disciplinary action because she had not gained permanent status in the classified state service.
In his letter requesting an appeal, Walton stated that he was a trainee in a twelve month working test period. Walton argued in his brief that he had gained permanent civil service status as an employee of the city finance department and that he had resigned that position. He further argued that because he had gained permanent status in the finance department he should have been allowed to transfer to another agency rather than being terminated. However, Walton has never challenged the characterization of his employment status with FMC as probationary, nor has he offered any proof that he enjoyed permanent employee status in his position at FMC. Thus, based on the record before us, we conclude that the FMC met its burden of proving Walton's status as a probationary employee.
The courts have consistently held that permanent status acquired in one agency or position does not ensure permanent status in another employment situation. For example, where a classified, permanent civil service employee resigned from the Department of Wildlife and Fisheries and accepted probational status in the Division of State Police in the Department of Public Safety, he did not have a right to appeal except on the basis of whether there was discrimination against him in connection with his resignation. Sanderson v. Dept. of Public Safety, 351 So.2d 813 (La.App. 1st. Cir.1977). The employee *888 had not transferred to the State Police from his former agency and therefore had no permanent status in the new agency.
Because we conclude that Walton is a probationary employee, he had no right to appeal his termination from FMC. To that extent, we may pretermit his due process arguments.

CONCLUSION
Based on the foregoing, the ruling of the Commission dismissing Walton's appeal is affirmed. The ruling is modified to reflect that the basis for the dismissal is that Walton, as a probationary employee, had no right of appeal. The portion of the ruling granting the dismissal based on prescription is vacated.
AMENDED AND AFFIRMED
NOTES
[1] This letter specifically noted appellant's employment status, stating:

The right of a probationary employee to appeal is restricted. You may have no right to appeal as a probationary employee. If you desire, you may make a reply in writing within the next ten (10) days. Your reply will be reviewed by the Department of Civil Service to determine whether or not you have a right to appeal.