686 So.2d 1012 (1996)
Eric MARIANI, Leonard Jones, Rudolph Schexnayder, Karl Bernard, Gordon Webb, Mervin Douglas, Marvin Spears, Derek Young, Bonifacio Robertson
v.
POLICE DEPARTMENT.
No. 96-CA-0871.
Court of Appeal of Louisiana, Fourth Circuit.
December 27, 1996.
Writ Denied March 14, 1997.
Kimberly A. Theriot, Assistant City Attorney, Greta L. Wilson, Deputy City Attorney, Deborah L. Wilson, Chief Deputy City Attorney, Avis Marie Russell, City Attorney, New Orleans, for Department of Police.
*1013 Frank G. DeSalvo, New Orleans, for Plaintiff/Appellee.
Before BARRY and LOBRANO, JJ., and JAMES C. GULOTTA, J. Pro Tem.
BARRY, Judge.
The Police Department ("Department") appeals a ruling of the New Orleans Civil Service Commission which held that letters of termination that the Department sent to several police recruits were insufficient, and awarded back pay. Because the recruits did not have a right to appeal, the Commission erred by awarding back pay. We reverse.

Facts
The transcript of the Commission hearing is not in the record, but the following facts are not disputed.
The plaintiffs were recruits in the Police Department and had to complete a working test period as a prerequisite to regular employment. The record contains termination letters from Superintendent of Police Richard Pennington to the recruits:
After a thorough review of your background investigation, it is my decision to terminate your probationary employment as of the close of business [date].

Six letters are dated January 5, 1995, addressed to Eric Mariani (No. 5082), Leonard Jones (No. 5081), Karl Bernard (No. 5080), Gordon Webb (No. 5083), Derek Young (No. 5084), and Bonifacio Robertson (No. 5085).
Letters to Rudolph Schexnayder (No. 5072) and Mervin Douglas (No. 5105) contain the same language and are dated December 16, 1994 and February 15, 1995, respectively. The termination letter for Marvin Spears (No. 5109) is dated February 24, 1995 and reads:
A review of your performance during your probationary period as a police recruit reflects that you have not met the minimum standards of performance as required by this Department.
On January 6, 1995, Mariani, Jones, Bernard, Webb, Young, and Robertson each filed an appeal with the Civil Service Commission, asserting that his dismissal was unfounded and arbitrary. On January 10, 1995, each filed an appeal asserting political discrimination by Superintendent Pennington. Douglas appealed on February 22, 1995, and Spears appealed on March 1, 1995; neither alleged discrimination. Schexnayder's appeal is not in the record.
On May 22, 1995 the Department filed in exception of vagueness as to each appeal except Douglas. Subsequent pleadings by the Department state that plaintiffs withdrew the discrimination appeals. The withdrawal is not in the record. However, on June 20, 1995, the Commission ruled on an exception as to all plaintiffs except Douglas and Schexnayder:
since Appellant has not alleged discrimination as a basis for his appeal, the exception is moot. Appellant, in raising procedural objections, must address the relevant portions of Rule II; Rule VII, Section 1; and Rule IX, Section 1.3 in order to perfect his appeal.
As to Schexnayder, the Commission ruled:
the exception is granted. Appellant is expected to amend his appeal in order to argue his rights to appeal under provisions of Rule VII, Section 1, Rule IX, Section 1.3, and Rule II, Section 4.6-4.8.
The Department's exception of vagueness was the only exception before the Commission and appears to be the subject of the June 20, 1995 rulings. Plaintiffs did not contest those rulings or pursue the discrimination charges.
The Police Department filed an "Exception of No Right or Cause of Action" arguing that the plaintiffs were probational employees with no right to appeal. The Commission originally denied the exception. According to the Police Department's brief, the Department re-issued detailed termination letters to the plaintiffs on October 18, 1996. Those letters are not in the record.
The Department re-urged its exception of no right of action on the appeal. The Commission granted rehearing and held that the plaintiffs had no right to appeal. However, the Commission held that the original termination notices did not comply with the Rules *1014 of the Civil Service Commission for the City of New Orleans and it awarded back pay until the date of the second notices.
The Department contends that the original notices were sufficient and that the Commission improperly awarded back pay to employees with no right to appeal. Appellees' brief (filed the day of oral argument) does not dispute their probationary status or assert discrimination; rather, it argues that the notices of grounds for termination were insufficient.

Analysis
The civil service provisions in the Louisiana Constitution and the Rules of the Civil Service Commission (Rules) protect public career employees from political discrimination. Bannister v. Department of Streets, 95-0404 (La.1/16/96), 666 So.2d 641, 645, citing La. Const. Art. X, § 1 et seq. The Civil Service Commission is a quasi-judicial body, generally supervises the civil service system, and establishes rules for the system's administration. Id. Thus, civil service rules have the effect of law. Id.; La. R.S. 33:2400 ("Rules adopted under this Section shall have the force and effect of law.").
Every person appointed to a position in the classified service shall be tested by a working test while occupying the position. Rule VII, § 1.1; La.R.S. 33:2417. A "regular" civil service employee is distinguished from a "probational" employee based on whether the working test period is completed. A regular employee is one
who has been appointed to a position in the classified service in accordance with the Law and these Rules and who has completed the working test period.
Rule I, § 1(56); La.R.S. 33:2393(27).
A probational employee (also "working test period employee") is one
who has been appointed to a position from an employment list, but who has not completed the working test period.
Rule I, § 1(72).
The rights of the employee are based in part on the employee's status as a regular or probational employee. For instance, a regular employee is entitled to a pre-termination hearing under Rule IX, § 1.2, and can appeal a disciplinary action (including dismissal) to the Commission under Rule II, § 4.1. The Rules do not grant a pre-termination hearing to a probational employee. Rule II, §§ 4.5 and 4.6 authorize limited appeal rights for a probational employee who alleges discrimination. See Walton v. French Market Corp., 94-2457 (La.App. 4 Cir. 4/26/95), 654 So.2d 885, 887. As previously stated, the Commission ruled that the plaintiffs did not sufficiently allege discrimination as a basis for an appeal, see Rule II, § 4.7, and plaintiffs did not contest that ruling or raise the issue on appeal.
In Walton, the plaintiff was dismissed from his probational employment with the French Market Corporation. The Civil Service Commission ruled that his appeal to the Commission was untimely. Walton's appeal to this Court asserted that the notice of termination violated due process because it did not advise him of the delay for appealing to the Commission. This Court found that Walton was a probational employee and held that he did not have a right to appeal his dismissal. Thus the Court did not reach the issue of whether due process required the termination notice to provide the appeal delay.
Because the plaintiffs were probational employees, they did not have a right to appeal. Thus, the dismissals were not properly before the Commission, and the Commission erred by considering the notices and ordering back pay. We pretermit the issue of the sufficiency of the notices. Walton v. French Market Corp., supra.
REVERSED.