_JjMIRIAM G. WALTZER, Judge.
Keith Scott appeals the ruling of the New Orleans Civil Service Commission affirming his termination by the City of New Orleans, Department of Finance.
STATEMENT OF FACTS AND HISTORY OF THE CASE[1]
The City employed Scott from 24 October 1994 as a Buyer I, until his termination on 4 November 1996. Scott appealed his termination to the Civil Service Commission. The Commission dismissed all claims. Scott appealed the Commission’s decision to this court, and this court *837 remanded the matter for a determination of whether Scott served as a probationary or permanent employee at the time of his termination. After a hearing on this issue, the Commission found that the City terminated Scott during his probationary tenure and that he had no right to appeal the decision to terminate. Scott appeals this decision, arguing that he had obtained permanent employee status at the time of his dismissal under applicable civil service rules.
STANDARD OF REVIEW
In judging the correctness of the Commission’s exercise of its discretion in disciplinary matters, the court should not modify the Commission’s order unless it [ais arbitrary, capricious or characterized by an abuse of discretion. The judicial review function is not so limited with respect to the Commission’s decisions as to jurisdiction, procedure and interpretation of laws and regulations. Smith v. New Orleans Police Department, 2000-1486 (La.App. 4 Cir. 4/11/01), 784 So.2d 806, 810.
DISCUSSION
The parties do not dispute the facts on appeal.[2] On 24 October 1994, the City hired Scott as a provisional employee in a position to which they had no qualified applicants. Scott had qualified for another position. On 19 January 1995, all provisional appointments were extended for an additional year. After Scott qualified for the position for which he was hired by written exam, the City changed his status in November 1995 from provisional to probationary. The original six month probationary period was extended an additional six months, and the City terminated Scott during this additional six month probationary period.
Scott argues although the City hired him as a provisional employee for a position for which he was not qualified, Rule VI § 3.5 of the Rules of the Civil Service Commission City of New Orleans required the City to classify him as a probationary employee on the date he was hired, 24 October 1994, rather than the date on which the City changed his status from provisional to probationary, 16 November 1995. “When a vacancy is to be 13filled in a position of a class for which there are no eligibles available for certification, the Director, whenever practicable, may certify for appointment eligibles from another appropriate eligible register. Such appointment shall be probationary and the vacancy shall be deemed to be filled in accordance with the provisions of the Law and Rules.” Rule VI § 3.5 of the Rules of the Civil Service Commission of the City of New Orleans. Scott argues for application of this rule, since he qualified for another position. However, the City and the Commission relied upon Rule VI § 5.3, which Rule provides, in pertinent part, “When a vacancy is to be filled in a position of a class for which there are no eligibles available for certification, the appointing authority, with the prior approval of the Director, may make a provisional appointment.... A provisional appointment shall never continue for a period in excess of one year unless it is extended by the Commission upon the Director’s certification that eligibles are not available and that it is not possible or practicable to provide such eligibles.”
The authority of both State and City Civil Service Commissions is derived from Article X of the Louisiana Constitution. The civil service provisions in the state constitution and the rules of the Commission are designed to protect public *838 career employees from political discrimination by eliminating the “spoils” system. LSA-Const. Art. X, § 1 et seq., Bannister v. Department of Streets, 95-0404 (La.1/16/96), 666 So.2d 641, 645. Essentially, civil service laws and rules establish a system under which “non-policy forming” public employees are selected on the basis of merit and can be discharged only for insubordination, incompetency or improper conduct, and not for religious or political reasons. Id.
To further these goals, and in addition to its primary function as a quasi-judicial body, the civil service commission is empowered to generally supervise the civil service system and to establish rules for that system’s administration. Civil service rules thus have the effect of law. LSA-Const. Art. X, § 10(A)(4).
|4The Constitution provides that no person who has gained permanent status in the classified civil service shall be subjected to disciplinary action except for cause expressed in writing. LSA-Const. Art. X, § 8(A). The same section gives a classified employee subjected to such disciplinary action the right to appeal to the appropriate commission and places the burden of proof on the appointing authority. However, we believe the employee has the burden of proving his status as a permanent employee, to enjoy the extraordinary benefits accompanying this status.
Although the City obtained Scott’s name from a list of candidates for another position, the record contains no evidence that Rule VI § 3.5 applies. This Rule provides that the Director “may certify” for appointment eligibles from another appropriate eligible register when no eligi-bles are available for certification. Scott does not allege nor did he offer any evidence that the Director certified his appointment for the position for which the City hired him. Moreover, both Scott and the City considered his position to be a provisional appointment on 24 October 1994. Rule VI § 5.3 allows the procedure employed by the City when it hired Scott in October 1994, “without compliance with the provisions of this part requiring certification.” The City hired Scott for a position for which he was not certified, thus the City hired him by provisional appointment under Rule VI § 5.3. The City properly extended the provisional appointment in January 1995, but changed Scott’s status to a probationary appointment in November 1995 after he passed the appropriate exam for the position for which the City hired him. The City hired Scott under Rule VI § 5.3 as a provisional appointment. At the time of his termination, Scott enjoyed probationary status in his employment and had not obtained permanent status.
I .CONCLUSION
For the above reasons, we affirm the decision of the New Orleans Civil Service Commission, concluding that Scott did not have a right to appeal his termination, since he had not obtained permanent employment status.
AFFIRMED.

. The facts of this case have been thoroughly reported in a prior appeal. Scott v. New Orleans Department of Finance, 98-1576 (La.App. 4 Cir. 1/20/99), 729 So.2d 6.

. The City did not file a brief on appeal.