813 So.2d 537 (2002)
Kevin BANKS
v.
NEW ORLEANS POLICE DEPARTMENT.
No. 2001-CA-0859.
Court of Appeal of Louisiana, Fourth Circuit.
March 13, 2002.
*538 Harry J. Boyer, Jr., Frank G. DeSalvo, A.P.L.C., New Orleans, LA, for Plaintiff/Appellant.
Franz L. Zibilich, Chief Deputy City Attorney, Mavis S. Early, City Attorney, Joseph V. Dirosa, Jr., Deputy City Attorney, *539 New Orleans, LA, for Defendant/Appellee.
Court composed of Chief Judge WILLIAM H. BYRNES, III, Judge DENNIS R. BAGNERIS, SR., and Judge TERRI F. LOVE.
WILLIAM H. BYRNES, III, Chief Judge.
New Orleans Police Officer Kevin Banks requests a review of the January 23, 2001, Civil Service Commission's decision that he had no right to appeal the ruling of the Appointing Authority[1] because he had not completed the proper one-year probationary period. We affirm.
Banks was hired on September 15, 1996, as a police recruit. Banks claims that his probationary period ended on September 14, 1997, after he completed one year at the Police Academy as a recruit. He maintains that he was a permanent employee when he became employed as a Police Officer I. The Civil Service Commission avers that Banks' one-year probationary period did not begin until he was employed as a Police Officer I on June 29, 1997, after he had completed his training as a recruit.
In June 1998, the Appointing Authority terminated Banks, and he appealed to the Civil Service Commission. In his appellate brief, Banks asserts that the Civil Service Commission reversed the Appointing Authority's decision to terminate him; however, the Appointing Authority claimed that Banks had no right to appeal. After a hearing, the Civil Service Commission ruled that Officer Banks had no right to appeal as he was not a permanent employee at the time of his termination, having not completed his probationary period of employment. Banks appealed the Civil Service Commission's decision to this Court.
At issue is whether Banks had the right to appeal after he completed one year of training as a police recruit at the Police Academy. The right of appeal is determined by Banks' employment status.

Standard of Review
Except in cases of alleged discrimination, the burden of proof on appeal, as to the facts, shall be on the Appointing Authority under Civil Service Rule II, § 4.4 and § 4.8. The appellate court's review of the findings of fact is governed by the manifest error or clearly erroneous standard in a Civil Service case. Goins v. Department of Police, 570 So.2d 93 (La. App. 4 Cir. 10/30/90). Where the Civil Service Commission's decisions involve jurisdiction, procedure, and interpretation of laws and regulations, judicial review is not limited to the arbitrary, capricious, or abuse of discretion standard. Walton v. French Market Corp., 94-2457 (La.App. 4 Cir. 4/26/95), 654 So.2d 885. On legal issues, the appellate court gives no special weight to the findings of the trial court, but exercises its constitutional duty to review questions of law and renders judgment on the record. Cliburn v. Police Jury Ass'n of Louisiana, Inc., 99-2191 (La.App. 1 Cir. 11/3/00), 770 So.2d 899; Christoffer v. New Orleans Fire Dept., 99-2658 (La.App. 4 Cir. 3/29/00), 757 So.2d 863, writ denied XXXX-XXXX (La.6/30/00), 766 So.2d 543. A mixed question of fact and law should be accorded great deference by the reviewing court under the manifest error standard of review. Brasseaux v. Town of Mamou, 99-1584 *540 (La.1/19/00), 752 So.2d 815; Lacoste v. Crochet, 99-0602 (La.App. 4 Cir. 1/5/00), 751 So.2d 998. A legal error occurs when a trial court applies the incorrect principles of law and such errors are prejudicial. Barriere Const. Co., Inc. v. Systems Contractors Corp., 99-2869 (La.App. 4 Cir. 5/17/00), 764 So.2d 127.
Except when there is an allegation of discrimination under Civil Service Rule II, § 4.6, there is no provision for appeal by a probationary employee. Walton, supra. In the present case, Banks did not allege any form of discrimination in his challenge to his termination. Unless Banks is considered a permanent employee, he has no right to appeal his dismissal. Williams v. Chief Administrative Officer, 398 So.2d 1252, 1253 (La.App. 4 Cir. 5/5/81). The question of whether an employee has the right to appeal is analogous to the question of whether a plaintiff has a cause of action. Walton, supra.

Working Test Period/Probationary Period
Banks contends that he obtained regular employee status because he had completed more than one year in the service with his time as a police recruit. Banks maintains that his one-year working test period began to run when he became a police recruit.
A "regular" employee is distinguished from a "probational" employee based on whether the working test period is completed. Mariani v. Police Dept., 96-0871 (La.App. 4 Cir. 12/27/96), 686 So.2d 1012, writ denied, 97-0276 (La.3/14/97), 689 So.2d 1389. In that case, in finding that the recruit had no right to appeal, this Court discussed the probationary period of the Police Academy recruit but did not reach a discussion about the probationary or working test period of a regular or permanent employee after he completed training at the Police Academy.
Under "Definitions" in Civil Service Rule I, § 1(59) provides:
"Regular Employee": an employee who has been appointed to a position in the classified service in accordance with the Law and the Civil Service Rules and who has completed the working test period. [Emphasis added.]
Civil Service Rule I § 1(75) provides:
"Working Test Period Employee": an employee who has been appointed to a position from an employment list, but who has not completed the working test period. The terms "probation period" and "probational employee" shall be considered identical with "working test period" and "working test employee".
La. R.S. 33:2393 also provides definitions. La. R.S. 2393(27) provides:
27. "Regular employee" means an employee who has been appointed to a position in the classified service in accordance with this Part after completing his working test period. [Emphasis added.]
The police recruitment announcement entitled "New Orleans Civil Service" for Police Recruit was given to Banks when he was hired.[2] It stated in part that:
Upon graduation from the Police Academy, candidates will be promoted to the *541 class of Police Officer I and will serve a one (1) year probationary period in that class.... [Emphasis added.]
* * *
The working test (probation) period for most positions in the classified service is six months unless otherwise specified. Any working test period may be extended to a maximum of one year at the request of the appointing authority. Positions in the Fire Department and Police Department as well as all positions in the classes of Administrative Analyst Assistant, Librarian I IV, and Institutional Counselor I & II require a one year working test period. [Emphasis added.]
La. R.S. 33:2417 provides in pertinent part:
§ 2417. Working tests
Every person appointed to a position in the classified service ... shall be tested by a working test while occupying the position. The period of the working test shall commence immediately upon appointment and shall continue for the time, not less than six months nor more than one year, established by the director subject to the rules. At the times during the working test period and in the manner which the director requires, the appointing authority shall report to the director his observation of the employee's work, and his judgment as to the employee's willingness and ability to perform his duties satisfactorily, and as to his habits and dependability. At any time during his working test period, after the first two months thereof, the appointing authority may remove an employee if, in the opinion of the appointing authority, the working test indicates that (1) the employee is unable or unwilling to perform his duties satisfactorily or (2) his habits and dependability do not merit his continuance in the service. Upon the removal, the appointing authority shall forthwith report to the director and to the employee removed his action [sic] and the reason therefor.... The appointing authority may remove an employee within the first two months of his working test period only with the approval of the director. The director may remove an employee during his working test period if he finds, after giving him notice and an opportunity to be heard, that the employee was appointed as a result of fraud or error. [Emphasis added.]
Ten days prior to the expiration of an employee's working test period, the appointing authority shall notify the director in writing whether the services of the employee have been satisfactory and whether he will continue the employee in his position. A copy of the notice shall be given to the employee ten days prior to the expiration of his working test period. Upon approval by the director of a favorable report, the appointment of the employee shall be complete at the expiration of the working test period. Failure by an appointing authority to give the ten days' notice to the director and a copy thereof to the employee shall have the same force and effect as a satisfactory report.

* * *
See also Civil Service Rule VII, § 1.1.
La. R.S. 33:2424 provides in pertinent part:
Any regular employee in the classified service, subject to the provisions of this Part, or the rules made pursuant thereto, who deems that he has been removed, dismissed, retired, reduced in pay, demoted, subjected to a second suspension of sixty days or less without pay, or subjected to any other disciplinary *542 action set out in R.S. 33:2423, without just cause, may, within sixty days of the action demand a hearing to determine the reasonableness of the action....
* * *
The foregoing provisions of this Section shall not apply to temporary appointments as defined in R.S. 33:2419, and employees during their working test period as provided for in R.S. 33:2417. [Emphasis added.]
Only regular employees in the classified service have the right to appeal disciplinary actions to the Commission. Civil Service Rule II § 4.1. Article X § 8 of the Louisiana Constitution provides in part:
No person who has gained permanent status in the classified state or city service shall be subjected to disciplinary action except for cause expressed in writing. A classified employee subjected to such disciplinary action shall have the right of appeal to the appropriate commission pursuant to Section 12 of this Part.
Article X § 8 only refers to employees who have obtained permanent classified status. The employee, who has not gained permanent status, is not entitled to review of the Appointing Authority's disciplinary action.
The one-year working test period for the classification of Police Officer I is the period when the Appointing Authority can observe a police officer's on-the-job performance of his duties or work in the field. The working test period does not take place until the police officer is working on the job rather than when he is a recruit at the Police Academy.
In the present case, while Banks was a recruit, he was not appointed to a position in the classified service. His working test period or probationary period did not begin until he was in the classified service. He did not become a regular employee until after he completed the one-year working test period after he was appointed to the Police Officer I position.

One Year Working Test/Probationary Period as Police Officer I
Alternatively, Officer Banks maintains that when he graduated from the Police Academy on March 7, 1997, he was entitled to be employed at the rank of Police Officer I rather than from the time when he officially achieved the rank of Police Officer I on June 29, 1997. Banks argues that his probationary status would have ended on March 6, 1998 rather than on June 28, 1998. He asserts that he has the right to appeal his termination on June 20, 1998. However, if Banks were entitled to be considered a Police Officer I from the time he left the Police Academy, rather than the time that he officially achieved the Police Officer I status on June 29, 1998, the Appointing Authority would not have one year to observe the officer while he was completing his working test period while working on the job as a Police Officer I, contrary to the Civil Service Commission's rules and regulations. The period of the working test commences immediately upon appointment under La. R.S. 33:2417. Banks was not appointed to the position of Police Officer I until June 29, 1997.
Banks did not complete the one-year working test/probationary period when he was disciplined by the Appointing Authority. Banks' one-year working test/probationary period began on June 29, 1997 and ended on June 28, 1998. Before June 29, 1998, during his working test/probationary period as Police Officer I, Banks had not achieved regular permanent employee status. Because Banks had not attained regular permanent employee status, he had no right of appeal.
*543 Accordingly, the decision of the Civil Service Commission is affirmed.
AFFIRMED.
NOTES
[1] Rule 1, § 5 of the Civil Service Rules provides:

"Appointment Authority": any officer, board, agency, commission, or person having the power to make appointments to positions in the city service. See also: La. R.S. 33:2393(2).
[2] This court granted the plaintiff/appellant's motion to open the record to admit a copy of the police recruit announcement that was given to Banks. The Civil Service Commission also referred to this document. Without objections from the parties, in effect, the parties acknowledge the correctness and authenticity of this document by incorporating references to it in their arguments. Although the document was not technically part of the record below, we shall refer to it as if it were part of the record.