JOAN BERNARD ARMSTRONG, Chief Judge.
| plaintiff-appellant, John Boutte, appeals a decision of the Civil Service Commission suspending him for thirty days.
On December 12, 2005, the plaintiff-appellant, New Orleans Police Department Officer, John Boutte, received a letter from the Appointing Authority suspending him for thirty days for allegedly being absent without leave from September 3, 2005 through September 5, 2005, in the aftermath of Hurricane Katrina.
The investigation of Officer Boutte was assigned to the Public Integrity Bureau on September 21, 2005. His disciplinary hearing was not held until December 6, 2005. He appealed to the Civil Service Commission on January 10, 2006, contending, among other things, that the investigatory process took over sixty days in contravention of La. R.S. 40:2531(B)(7).
On March 31, 2006 the Appointing Authority filed a motion for summary disposition dismissing Officer Boutte’s appeal, arguing that Officer Boutte was a probationary employee and that only “regular” employees have the right under Rule II, Section 4.1 to appeal disciplinary actions of the Civil Service Commission.
| %On April 28, 2006, the Civil Service Commission granted the Appointing Authority’s Motion for Summary Disposition of the plaintiffs appeal based on the fact that the plaintiff was a probationary employee.
The plaintiff framed the case and his argument on page “1” of his brief:
Officer John Boutte does not deny that he was a probationary officer at the time *862 his discipline was imposed. Nor, for that matter, does he deny that, as a general rule, probationary employees are deemed not to have a property interest in their jobs and, therefore, not to have any due process rights with regard to disciplinary matters. However, the legislature can nonetheless grant such rights to probationary employees, thus providing them with the right to due process. It is that grant of due process embodied in La. R.S. 40:2531, et. seq. which provides certain law enforcement officers like Officer Boutte with a property right and concomitant due process embodied rights that he may not ordinarily have because of his employment status at the time of the discipline.
In effect, counsel for Officer Boutte argues that La. R.S. 40:2531 applies even to probationary employees. We find the law to be otherwise.
In Moore v. New Orleans Police Dept., 01-0174, p. 7 (La.App. 4 Cir. 3/7/02), 813 So.2d 507, 511, this Court stated that:
Civil Service employees who have reached permanent status cannot be terminated without a lawful cause. Barquet v. Department of Welfare, 620 So.2d 501, 504 (La.App. 4 Cir.1993). See Louisiana Constitution Article X, Sec. 8. However, there is no such guarantee for probationary employees. [Emphasis added.]
See also Banks v. New Orleans Police Dept., 01-0859, pp. 4-7 (La.App. 4 Cir. 3/13/02), 813 So.2d 537, 540-542; Scott v. New Orleans Dept. of Finance, p. 4, 01-0907 (La.App. 4 Cir. 12/19/01), 804 So.2d 836, 838.
The summary dismissal of Officer Boutte’s appeal as a probationary employee to the Civil Service Commission is consistent with this Court’s ^declaration in Walton v. French Market Corp., 94-2457, p. 2 (La.App. 4 Cir. 4/26/95), 654 So.2d 885, 886:
If Walton is considered a probationary employee, he has no appeal rights and the case ends. Civil Service Rule II, § 4.1; Civil Service Rule VII, § 1.1.
See also Williams v. Chief Administrative Officer, 398 So.2d 1252, 1253 (La.App. 4 Cir.1981).
It is the opinion of this Court that had the legislature intended to make the sixty-day investigatory period found in La. R.S. 40:2531 applicable to probationary employees and thereby override Civil Service Rules and consistent jurisprudence of long standing concerning appeals, it would have used more explicit language in doing so. Officer Boutte cites no cases recognizing appeal rights for probationary employees under facts analogous to those of this case.
Additionally, we note that the Louisiana Supreme Court has just ruled that the sixty-day limit prescribed by La. R.S. 40:2531 is not mandatory; it is merely directory. Marks v. New Orleans Police Dept., 06-0575 (La.11/29/06), 943 So.2d 1028.
For the foregoing reasons, the decision of the Civil Service Commission is affirmed.
AFFIRMED.