MAX N. TOBIAS, JR., Judge.
1 ^laintiffiappellant, Officer Nicole Scott, appeals from the summary disposition of *1282 her appeal to the New Orleans Civil Service Commission following termination from the New Orleans Police Department. After reviewing the record and applicable law, we affirm the summary disposition.
The basic facts are not in dispute. Officer Scott was hired by the New Orleans Police Department (“NOPD”) on 27 March 2005. On the evening of 26 October 2005, Officer Scott accidentally backed her private vehicle into another police officer’s private vehicle, causing only minor damage. Officer Scott was charged with a hit and run violation, which was later dismissed on 25 January 2006 when she entered a guilty plea to improper backing.
The traffic incident became the subject of a NOPD Public Integrity Bureau (“PIB”) investigation. Officer Scott and PIB Sergeant Errol Foy signed a Notice of NOPD Internal Disciplinary Investigation on 30 January 2006. The Notice stated that Officer Scott had the right to file a written appeal to the Civil Service [2Commission (“the Commission”) within thirty days from the late of the disciplinary letter per Civil Service Rule II, §§ 4— 11.
In connection with the PIB investigation, Officer Scott gave an administrative statement and on 20 March 2006, she was terminated from her position with the NOPD. The reason given was that Officer Scott had “not met the minimum requirements for the position of probationary police recruit (field).”
Officer Scott filed an appeal with the Commission. Before the matter could be heard, the City of New Orleans (“the City”) filed a motion for summary disposition, which was granted by the Commission on 19 June 2006. The reason given was that Officer Scott “was a probationary employee and therefore has no right of appeal.”
Officer Scott appeals from the granting of the summary disposition by the Commission. She argues that she was improperly denied her right of appeal to the Commission and that it erred when granting the summary disposition. She also contends that her dismissal 145 days after commencement of the investigation violates her rights under Louisiana law and that the penalty of termination was overly harsh in light of the transgression and should be reversed. In response, the City maintains that as a probationary employee, Officer Scott has no right of appeal.
The authority of both State and City Civil Service Commissions is derived from Article X of the Louisiana Constitution. The civil service provisions in the state constitution and the rules of the Commission are designed to protect public 1 scareer employees from political discrimination by eliminating the “spoils” system. La. Const. Art. X, § 1 et seq.; Bannister v. Department of Streets, 95-0404, p. 4 (La 1/16/96), 666 So.2d 641, 645. Essentially, civil service laws and rules establish a system under which “non-policy forming” public employees are selected on the basis of merit and can be discharged only for insubordination, incompetency or improper conduct, and not for religious or political reasons. Id.
To further these goals, and in addition to its primary function as a quasi-judicial body, the civil service commission is empowered to generally supervise the civil service system and to establish rules for that system’s administration. Civil service rules thus have the effect of law. La. Const. Art. X, § 10(A)(4).
The Constitution provides that no person who has gained permanent status in *1283 the classified civil service shall be subjected to disciplinary action except for cause expressed in writing. La. Const. Art. X, § 8(A). Rule II, § 4.1 of the Rules of the Commission provides that “regular employees in the classified service shall have the right to appeal disciplinary actions to the Commission[.]”
In Banks v. New Orleans Police Department, 01-0859 (La.App. 4 Cir. 9/25/02), 829 So.2d 511, writ denied, 02-2620 (La.12/13/02), 831 So.2d 990, the court, en banc, considered the same issue raised here and stated:
Except in cases of alleged discrimination, the burden of proof on appeal, as to the facts, shall be on the Appointing Authority under Civil Service Rule II, § 4.4 and § 4.8. The appellate court’s review of the findings of fact is governed by the manifest error or clearly erroneous standard in a Civil Service case. Goins v. Department of Police, 570 So.2d 93 (La.App. 4 Cir. 10/30/90).
Id. at p. 3, 829 So.2d at 513-14.
|/The Banks court recognized that a “regular” employee is distinguished from a “probational” employee based on whether the working test period is completed, Id. at pp. 3-4, 829 So.2d at 514, citing Mariani v. Police Dept., 96-0871 (La.App. 4 Cir. 12/27/96), 686 So.2d 1012, writ denied, 97-0276 (La.3/14/97), 689 So.2d 1389. After reviewing the appropriate statutes, we held:
Banks did not complete the one-year working test/probationary period when he was disciplined by the Appointing Authority. Banks’ one-year working test/probationary period began on June 29, 1997 and ended on June 28, 1998. Before June 29, 1998, during his working test/probationary period as Police Officer I, Banks had not achieved regular permanent employee status. Because Banks had not attained regular permanent employee status, he had no right of appeal. Accordingly, the decision of the Civil Service Commission is affirmed. [Emphasis supplied.]
01-0859 at p. 7, 829 So.2d at 517.
The same reasoning applies to the instant case. Officer Scott had not completed her probationary period when terminated and thus, has no right of appeal.[1] Although we may disturbed by the facts of this case and do not believe that termination was an appropriate penalty to be imposed on Officer Scott, we are unable to grant Officer Scott the remedy she seeks, namely an appeal to the Commission. Accordingly, the decision of the Commission is affirmed.

AFFIRMED.

BELSOME, J., Concurs with Reasons.

. Officer Scott argues that she has a right of appeal because the Notice she signed on 30 January 2006 states that she does. We find, however, that because the statement on which she relies refers to Rule II, § 4.1, she was on notice that as a probationary employee, that statement did not apply to her.