I, This appeal is from the Civil Service Commission judgment of November 30, 2016, granting the motion for summary disposition filed by the New Orleans Recreation Development Commission (“NORD,” the “Appointing Authority” in this matter) to dismiss the plaintiff/appellant’s appeal. After review of the record in light of the applicable law and arguments of the party, we affirm the decision of the Civil Service Commission.

Relevant Facts and Procedural History

Brideisha Harness, the plaintiff, was hired on July 6, 2015, by NORD as a Recreation Site Facilitator in the Athletics Division. On December 17, 2015, the plaintiffs initial six month probationary period was extended for an additional six months, until July 5, 2016. In January 2016, the plaintiff was issued a written reprimand. Represented by counsel, she appealed the reprimand to the Civil Service Commission, arguing that because her six month probationary period had expired she was a permanent employee with the right of appeal and, under the applicable rules, NORD had no authority to extend her probationary period. The Civil Service Commission disagreed, finding that NORD followed the appropriate 12steps under the Rules to extend the plaintiffs probationary status until July 5, 2016. Because of the plaintiffs probationary status, the Civil Service Commission granted NORD’s motion for summary disposition dismissing the plaintiffs appeal. The plaintiff filed a notice of appeal but on January 10, 2017, this court dismissed the plaintiffs appeal as untimely. Harness v. New Orleans Recreation Development Commission, 16-1237 (La. App. 4 Cir. 1/10/17).
On April 12, 2016, the plaintiff was terminated for failing to meet NORD standards during her probationary period. On May 5, 2016, the plaintiff filed an appeal of her termination with the Civil Service Commission. On November 30, 2016, not *822 ing that the issue of the plaintiffs probationary status had been determined in its earlier decision, the Civil Service Commission granted NORD’s motion for summary disposition because, as a probationary employee, the plaintiff did not have a right to appeal her termination.

Applicable Law

“Except when there is an allegation of discrimination under Civil Service Rule II, § 4.6, there is no provision for appeal by a probationary employee.” Terry v. Department of Police, 08-1436, p. 3 (La. App. 4 Cir. 10/7/09), 23 So.3d 974, 976 (quoting Walton v. French Market Corporation, 94-2457, p. 3 (La. App. 4 Cir. 4/26/95), 654 So.2d 885, 887). “A ‘regular’ employee is distinguished from a ‘probational’ employee based on whether the working test period is completed.” Terry, 08-1436, p. 4, 23 So.3d at 976 (citation omitted).
| ^Pursuant to Civil Service Rule I, § 1(64), a “regular employee” is one who has completed the working test period and has been appointed to the position in accordance with the Civil Service laws and rules. In turn, a probationary or “working test” employee is one who has been appointed to the position but has not completed the working’ test. Civil Service Rule I, § 1(80); see also La. Rev. Stat. 33:2393 (27) (“regular employee” is employee who has been appointed to position in the classified service after completing work test period). Every person appointed to position of classified service shall be tested by a “working test” which begins immediately upon appointment for a time not less than six months or more than one year. La. Rev. Stat. 33:2417. After the first two months of the working test period, a probationary employee may be removed by the appointing authority if, in the opinion of the appointing authority, the employee is unable or unwilling to satisfactorily perform duties or the employee’s habits and dependability do not merit continued employment. La. Rev. Stat. 33:2417. Although regular employees in the classified service have the right to appeal disciplinary actions to the Civil Service Commission, an employee who has not obtained permanent classified status (i.e., a probationary employee), is not entitled to review of the Appointing Authority’s action by the Civil Service. Terry, 08-1436, 23 So.2d at 977-978.

yDiscussion

On appeal, the plaintiff argues only that the Civil Service Commission erred in granting NORD’s motion for summary disposition because the plaintiff had fulfilled her six month probationary period and was a permanent employee.
The plaintiff is apparently confused as to the matter before the court in this appeal. Specifically, this appeal is from the Civil Service decision of November 30, 2016, wherein NORD’s motion for summary disposition to dismiss the plaintiffs appeal from her termination was granted, Civil Service Commission docket #8546. The plaintiffs appellate brief states, however, that she is appealing the decision wherein the Civil Service determined she was a probationary employee and not entitled to appeal a reprimand, Civil Service Commission docket #8517. The plaintiffs appeal of that decision was not timely filed, see Harness v. New Orleans Recreation Development Commission, 16-1237 (La. App. 4 Cir. 1/10/17), and cannot be resuscitated in this subsequent appeal.
As previously determined, NORD had the statutory authority to extend the plaintiffs probationary period for an additional six months and, as a probationary employee, the plaintiff had no right of appeal. Because the plaintiff had no right to appeal her termination, the Civil Service *823 Commission did not err in granting NORD’s motion for summary disposition.

Conclusion

This appeal is without merit. Accordingly, we affirm the Civil Service Commission decision of November 30, 2016.
AFFIRMED.