| RHONDA K. OLIVER | * | NO. 2024-CA-0290 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| DEPARTMENT OF FINANCE | * | |
| | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

* * * * * * *

APPEAL FROM
CITY CIVIL SERVICE COMMISSION ORLEANS
NO. 9556,
* * * * * *
**Judge Rachael D. Johnson**
* * * * * *

(Court composed of Judge Joy Cossich Lobrano, Judge Rosemary Ledet, Judge Rachael D. Johnson)

**LOBRANO, J., CONCURS IN THE RESULT**

Rhonda K. Oliver
P.O. Box 58171
New Orleans, LA


      APPELLANT


William R. H. Goforth
Jasmine L. Bandy
Donesia D. Turner
CITY ATTORNEY
1300 Perdido Street
Room 5E03
New Orleans, LA 70112


      COUNSEL FOR DEFENDANT/APPELLEE

                **VACATED AND REMANDED**
                **January 16, 2025**

This appeal concerns a summary disposition granted by the Civil Service Commission (the "Commission"). Pro Se Appellant, Rhonda Oliver ("Ms. Oliver"), appeals the Commission's April 12, 2024 judgment granting Appellee Department of Finance's ("DOF"), motion for summary disposition of the appeal. For the following reasons, we vacate the Commission's judgment and remand to the Commission to consider the merits.

## FACTS AND PROCEDURAL HISTORY

On September 28, 2015, Ms. Oliver began working for the City of New Orleans (the "City") in the Department of Housing and Urban Development as an Office Assistant Trainee. In 2016, Ms. Oliver was promoted to Office Assistant I and obtained permanent status. On November 1, 2021, Ms. Oliver transferred to Sewerage and Water Board to accept a promotion as Officer Assistant II and later obtained permanent status as an Office Worker on May 31, 2022. After earning her bachelor's degree in June 2023, Ms. Oliver transferred back to the City to accept a position as Tax Specialist I in the DOF on September 3, 2023. Ms. Oliver had a one-year probationary period as a Tax Specialist and never obtained a permanent status in that position.

1

On January 26, 2024, DOF sent Ms. Oliver a notice of termination[1], effective January 26, 2024, for failing her working test (probationary) period. In addition to receiving a notice of termination, Ms. Oliver was presented a copy of a letter addressed to the Human Resources Director of Sewerage and Water Board, Julie Sholar. The letter informed Ms. Sholar of Ms. Oliver's termination and directed her to restore Ms. Oliver to permanent status as Officer Assistant II at Sewerage and Water Board, effective January 29, 2024. Ms. Oliver appealed her termination with the Commission on January 29, 2024. On March 4, 2024, DOF filed a motion for summary disposition of the appeal, asserting that Ms. Oliver had no right to appeal her termination because she had probationary status. On April 12, 2024, the Commission granted DOF's motion for summary disposition. This appeal followed.

On appeal, Ms. Oliver's sole assignment of error is that the Commission erred in granting DOF's motion for summary disposition and that probationary employees have the right to appeal disciplinary action taken against them.

## STANDARD OF REVIEW

Decisions made by the Commission are "subject to this Court's review to determine whether they are arbitrary, capricious, or an abuse of discretion." *Moton*

---

[1] Ms. Oliver's notice of termination stated the following:

> The Department of Finance, by copy of this letter, is serving you formal notice of your termination from the position of Tax Collection Specialist I effective January 26, 2024, at close of business for failing your working test (probationary) period. Please return all City property to Corneisha Brown by February 2, 2024, to ensure a timely transfer of your annual and sick leave balances.

> Please be advised that you may have the right to appeal this disciplinary action to the Civil Service Commission. Any appeal of this disciplinary action must be made in writing and filed with the Civil Service Department located at 1340 Poydras Street, Suite 900, New Orleans, LA 70112, by close of business on the thirtieth calendar day from the date of this letter.

*v. Sewerage & Water Bd. of New Orleans*, 22-0747, p. 8 (La. App. 4 Cir. 5/10/23), 368 So. 3d 151, 156 (citation omitted). Factual findings by the Commission will not be set aside unless they are clearly erroneous or constitute manifest error. *Id.* If it is a question of law and procedure, the Commission's decision is reviewed *de novo*. *Id*. If there are mixed questions of law and fact, this Court affords the Commission's decisions with great deference. *Id*. The case sub judice is a question of law and procedure, thus it will be reviewed *de novo*.

**<u>DISCUSSION</u>**

Civil Service Rule I, §1(64) provides that a regular employee is defined as "an employee who has been appointed to a position in the classified service in accordance with the Law and these Rules and who has completed the working test period." A probationary or "working test" employee is "an employee who has been appointed to a position from an employment list, but who has not completed the working test period." Civil Service Rule I, §1(81). Regarding appeals for regular employees, Civil Service Rule II, §4.1 states that "[r]egular employees in the classified service shall have the right to appeal disciplinary actions to the Commission, including dismissal, involuntary retirement, demotion, suspension, fine, reduction in pay, or letters of reprimand as defined in Rule I." However, the Civil Service Rules do not permit appeals to probationary employees unless the employee claims to have been subjected to discipline or discriminatory treatment due to whistleblowing activity[2] or "they have been discriminated against because

_____

[2] Civil Service Rule II, §10.1 provides:

> No employee shall be subjected to discipline or discriminatory treatment by an appointing authority because he or she gives information, testimony or evidence in a prudent manner to appropriate authorities concerning conduct prohibited by law or regulation which he or she reasonably believes to have been

3

of their political or religious beliefs, sex, race, age, disability or sexual orientation". Civil Service Rule II, §4.5. *See Moton*, 22-0747, p. 10, 368 So. 3d at 157. Termination of employees during their working test period is governed by Civil Service Rule VII, §1.1, which provides in relevant part:

> Every person appointed to a position in the classified service after certification of his name from an original entrance employment list or a promotion list, shall be tested by a working test while occupying the position. At any time during his working test period, after the first two months thereof, the appointing authority may remove an employee if, in the opinion of the appointing authority, the working test indicates that (1) the employee is unable or unwilling to perform his duties satisfactorily or (2) his habits and dependability do not merit his continuance in the service; provided not more than three (3) employees shall be removed successively from the same position. Upon the removal, the appointing authority shall forthwith report to the Director and to the employee removed his action and the reason therefore.

DOF argues that Civil Service Rule II, §4.1 is clear and unambiguous, providing that only regular employees have the right to appeal termination of employment. Ms. Oliver argues that Civil Service Rule II, §4.1 is in fact ambiguous. She asserts that although Civil Service Rule II, §4.1 states that "[r]egular employees in the classified service shall have the right to appeal," it does not explicitly state that probationary employees do not have the right to appeal. Ms. Oliver further argues that she was not provided an explanation for her termination and she believes that she was removed because she filed a grievance against one of her supervisors. Thus, she was unjustly terminated under Civil Service Rule VII, §1.1 and she has the right to appeal as a probationary employee. After review of the record, we find that although Ms. Oliver does not have a right

---

engaged in by any person(s). If the employee incurs such treatment despite this admonition, he or she shall have a right of appeal to this Commission.

4

to appeal under Civil Service Rule II, §4.1, she was improperly terminated from her position pursuant to Civil Service Rule VII, §1.1.

This Court has previously recognized that probationary employees do not have the right to appeal disciplinary actions. In *Harness v. New Orleans Recreation Dev. Comm'n*, this Court determined that "an employee who has not obtained permanent classified status (*i.e.*, a probationary employee), is not entitled to review of the Appointing Authority's action by [the Commission]." 17-0107, p. 3 (La. App. 4 Cir. 6/14/17), 222 So. 3d 820, 822 (citing *Terry v. Department of Police*, 08-1436, p. 6 (La. App. 4 Cir. 10/7/09), 23 So. 3d 974, 977-78).

This Court has found that a probationary worker would not have a right to appeal if they are properly terminated pursuant to Civil Service Rule VII, §1.1. This Court determined in *Moton*, that a probationary employee may be removed from their position if that employee was properly notified under Civil Service Rule VII, §1.1. 22-0747, pp. 8-9 (La. App. 4 Cir. 5/10/23), 368 So. 3d 151, 156-57. Ms. Moton "had no right to a general disciplinary appeal of her demotion" because she was not classified as a "regular employee" in her position. *Id.* at p. 9, 368 So. 3d at 157. In *Scott v. Department of Police*, the Department of Police terminated Officer Scott because she "had not met the minimum requirements for the position of probationary police recruit (field)." 06-0956, p. 2 (La. App. 4 Cir. 1/31/07), 951 So. 2d 1281, 1282. Prior to Officer Scott's release, she was charged with a hit and run violation when she accidentally backed her private vehicle into another police officer's private vehicle, but was later dismissed when she entered a guilty plea for improper backing. *Id.* at p. 1, 951 So. 2d at 1282. In this case, the Department of Police complied with Civil Service Rule VII, §1.1 because it documented that Officer Scott's "habits and dependability [did] not merit [her] continuance in the

5

service." As such, Officer Scott was not allowed to appeal her termination under Civil Service Rule II, §4.1 as a probationary employee.

It is undisputed that Ms. Oliver was a probationary employee at the time of her termination. Further, Ms. Oliver did not allege in her pleadings that she was terminated due to whistleblower activity or discrimination based on political or religious beliefs, sex, race, age, disability, or sexual orientation. Civil Service Rules provide that "[u]pon the removal [of a working test period employee], the appointing authority shall [provide a] report to the Director and to the employee removed his action and the reason therefore." According to La. Const. Art. X, §10(A)(4), the civil service rules "shall have the effect of law." Further, La. C.C.P. art. 5053 provides that "[t]he word 'shall' is mandatory." At minimum, the appointing authority must provide reason for a working test period employee's removal. We find that DOF did not provide a reason for Ms. Oliver's termination and, as such, failed to comply with Rule VII, §1.1. Ms. Oliver's notice of termination letter stated that she was terminated due to "failing [her] working test (probationary) period." However, Ms. Oliver's termination letter did not provide any detail about why she was terminated or how she failed her working test. There was no indication whether her termination was because she was unable or unwilling to perform her duties satisfactorily, or her habits and dependability did not merit her continuance in the DOF. Simply stating that she failed her working test period without explanation is arbitrary and can result in an abuse of discretionary power by DOF. This concern was raised in the *Scott* case where Chief Judge Belsome stated:

> This case makes one pause to evaluate the lack of rights and remedies afforded to probationary civil service employees. The Louisiana Constitution presumably

> carves out an exception for civil service employees who have not yet attained permanent status so that persons not suited to a particular line of work or persons incapable of performing his or her duties may be dismissed without cause. While this is indeed an admirable and reasonable goal, this discretionary power should not be misused in such a way that a dismissal smacks of retaliation.

06-0956, p. 4 (La. App. 4 Cir. 1/31/07), 951 So. 2d 1281, 1283-84 (Belsome, J., concurring).

To avoid misuse of discretionary power, Civil Service Rule VII, §1.1 must be followed by appointing authorities. Otherwise, an appointing authority could discipline or terminate a probationary employee for any arbitrary reason unrelated to their work or duties within the classified service. Civil Service Rule VII, §1.1, does not outline any remedy provided for noncompliance. As such, we remand to the Commission to consider the merits of Ms. Oliver's appeal.

## DECREE

For the foregoing reasons, we vacate the Commission's April 12, 2024 judgment granting DOF's motion for summary disposition of the appeal. Accordingly, the case is remanded to the Commission to consider the merits.

**VACATED AND REMANDED**

7